[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR TEMPORARY INJUNCTION
The plaintiff's Motion for a Temporary Injunction arises out of this factual situation:
The plaintiff Louis Affinito is an employee of the town of CT Page 10591 Hamden, Connecticut. On or about October 10, 1991, the defendant town of Hamden board of ethics notified the plaintiff by mail that a complaint had been filed against him alleging possible violation(s) of the town charter and/or code of ethics. This notice was given in accordance with the rules and regulations of the defendant board and was issued following the completion of a confidential investigation by an investigator appointed by the defendant. The notice further advised the plaintiff that a tribunal had been established and that a hearing had been scheduled for October 23, 1991 in order to determine whether probable cause existed with respect to the complaint filed against him. With respect to that hearing, the notice informed the plaintiff that: a) he had the right to be present at the hearing; b) he had the right to have the hearing held open to the public; and c) if the tribunal found probable cause, he had the right to a full hearing before the defendant board of ethics.
On October 18, 1991, the plaintiff filed a one-count complaint, an application for a temporary injunction and an order to show cause. In his complaint the plaintiff alleged, inter alia, that the defendant is constitutionally required to provide full notice to the plaintiff of the specific allegations underlying the complaint, and that his constitutional right to due process would be violated if the probable cause hearing before the tribunal were held without providing the plaintiff with full and specific notice of the alleged ethics violation prior to the hearing. The plaintiff requested that an injunction be issued enjoining the defendant from proceeding with the probable cause hearing.
On October 22, 1991, the plaintiff filed an amendment to the original complaint. The amendment added the allegations that the plaintiff had no adequate remedy at law and that he would suffer irreparable injury if the probable cause hearing were conducted in violation of his constitutional rights as guaranteed by the federal constitution. Also on October 22, 1991, the court ordered that a hearing to show cause be held on November 18, 1991. The court further issued an ex parte restraining order pending the outcome of the show cause hearing.
That hearing was conducted as scheduled. At the hearing, and in his memoranda in support of his application for injunctive relief, the plaintiff raised the issue that his due process rights would be violated if he were not afforded the opportunity to fully participate in and be heard at the probable cause hearing.
The plaintiff's claim for temporary injunctive relief is basically that if the tribunal established by the defendant finds probable cause pursuant to regulations or procedures which do not provide him with the opportunity to fully participate in and he CT Page 10592 heard at the probable cause hearing, the defendant will have violated the plaintiff's right to due process of law and that any further proceedings on the merits would be constitutionally infirm.
"The essence of due process is the opportunity to be heard `at a meaningful time and in a meaningful manner.'" (Citation omitted.) Stolberg v. Caldwell, 423 F. Sup. 1295, 1300 (D.Conn. 1976). The United States Supreme Court has established an analytical framework to be applied to due process claims. "The initial determination is whether the plaintiff has been deprived of `interests encompassed by the Fourteenth Amendment's protection of liberty and property.'" (Citation omitted) Id., 1299. "If such a deprivation has occurred, the remaining question is the nature of the process that is due.'" (Citation omitted.) Id.
Application of the foregoing test compels the conclusion that the plaintiff has no due process right to actively participate in the probable cause hearing. The extent of the process due in administrative proceedings hinges upon whether the proceedings are adjudicative or investigatory in nature. Hannah v. Larche, 363 U.S. 420 (1960). When an agency or executive body conducts a non-adjudicative, factfinding investigative proceeding, rights such as apprisal, confrontation and cross-examination do not attach. Id., 446. Failure to provide the subject of the investigation with the opportunity to fully participate does not violate due process. Id., 451. See also Miller v. Connolly, CV 280519, Memorandum of Decision (September 29, 1989, Hodgson, J.).
A tribunal is adjudicative only where it engages in determining civil or criminal liability, indicting, punishing or imposing legal sanctions, or making determinations depriving a person of life, liberty or property. Hannah v. Larche, supra, 441. The tribunal established by the defendant in this case in order to determine probable cause is an investigatory tribunal.
The defendant board is an administrative agency established pursuant to General Statutes 7-148h. The purpose of the tribunal established by the defendant is to find whether probable cause exists, and if it does, to recommend that a public hearing be held to adjudicate whether or not the plaintiff has violated the town charter and/or codes. The probable cause tribunal will not make any final determinations that would deprive the plaintiff of his office or otherwise impose punishment or sanction. Rather, it merely conducts an investigation in order to determine whether there is probable cause to believe that the violations have occurred. The hearing will be closed to the public except at the specific request of the plaintiff to the contrary. No public disclosure or disciplinary action will result from the proceeding. CT Page 10593
It is not until the next stage of the proceedings, i.e. the open hearing before the defendant board, that an adjudication on the merits will occur. At that stage, which the defendant concedes is an adjudicative proceeding, the defendant board of ethics will determine whether or not the plaintiff has in fact violated the town charter and/or code of ethics. It is at that stage that the plaintiff properly will be afforded the rights of apprisal, representation and to present evidence and testimony and to cross-examine. See Stolberg v. Caldwell, supra. In Stolberg, an ex parte administrative determination was made that the plaintiff had violated the state "dual-job" ban and the agency summarily withheld the plaintiff's salary from his state teaching job without a prior hearing. The federal court ruled that there was no due process violation because the plaintiff was afforded the opportunity to be heard after the challenged action had occurred, and that the post-deprivation hearing was constitutionally adequate to afford due process protection to the implicated property interest. The plaintiff in this case has no right to full participation in the probable cause hearing because it is a purely investigative proceeding; nevertheless, any potential violation of due process would certainly be cured by the procedures and rights afforded to the plaintiff at the subsequent hearing on the merits before the defendant board of ethics.
It should be noted that the courts take the same approach in related or analagous contexts. For example, it is well-settled that in criminal probable cause proceedings there is no recognized due process right to participate, even where involving a felony or murder charge, and probable cause may even be found following an independent determination at an ex parte hearing without violating due process. See State v. Townsend, 167 Conn. 539, 356 A.2d 234
(1973); State v. Stallings, 154 Conn. 272, 224 A.2d 718 (1966); State v. Hayes, 127 Conn. 543, 18 A.2d 895 (1941). In the equally analagous context of a grand jury proceeding, it is also well settled that it is not essential that the person being investigated come before the jury and cross-examine adverse witnesses, because the grand jury is only investigatory and only reports its findings without trying the matter on its merits. Hannah v. Larche, supra, 449.
The plaintiff also advances the corollary claim that the finding of probable cause by the tribunal will result in damage to his reputation, honor or integrity because the mere fact that a finding of probable cause has been made will become public knowledge by necessity when the adjudicative public hearing on the merits is scheduled. This argument infers the infliction of a stigma. Nevertheless, the infliction of a stigma, without something more, is not actionable as a deprivation offourteenth amendment rights. Paul v. Davis, 424 U.S. 693, 701-710 (1976); see also Robb v. City of Philadelphia, 733 F.2d 286, 294 (3d Cir. CT Page 10594 1984).
The "more" required to implicate the due process clause is the loss of present or future employment prospects, or some other loss. See Board of Regents v. Roth, 408 U.S. 564 (1975); Cafeteria Workers v. McElroy, 367 U.S. 886 (1961) (employment prospects); Goss v. Lopez, 419 U.S. 565 (1975) (property right to education during period of school suspension); Sims v. New London, 738 F. Sup. 638 (D.Conn. 1990) (employment discharge case). Even in those cases wherein the plaintiff establishes that he has been stigmatized by the manner or circumstances of the termination of his employment, the process that is due may be no more than a post-deprivation hearing to clear his name. See Owen v. City of Independence, 445 U.S. 622, 633 n. 13 (1956).
It should be noted that the plaintiff in this case will not suffer any termination of employment as a result of the finding of probable cause by the tribunal. Any such sanction would only take place as a result of an adjudication on the merits at the open hearing before the defendant board. Thus, assuming that there is some possible stigma arising from the fact that the tribunal can find probable cause and recommend that a full open hearing take place, the plaintiff has not shown the required "more" necessary to implicate the due process clause. The procedures and rights offered to the plaintiff at the adjudicative hearing on the merits will adequately afford the plaintiff the opportunity to remove any such stigma that attends a finding of probable cause.
The plaintiff has failed to establish the existence of a constitutional right to due process at the investigatory probable cause proceeding, or in the alternative, that if such right did exist any violation of it would result in actual or serious damage. It follows that the plaintiff has failed to show irreparable harm, or in the alternative, a likelihood of success on the merits of his claim. Therefore, the motion for temporary injunctive relief must be denied.
ANTHONY V. DeMAYO, JUDGE